UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EVEN ST. PRODUCTIONS, LTD.,

PLAINTIFF,

– AGAINST –

SHUKAT ARROW HAFER & WEBER,

DEFENDANT.

Civil Action

Case No. **05 CV 3834**

**NOTICE OF REMOVAL
OF ACTION**

JUDGE BATTS

---

**PLEASE TAKE NOTICE** that defendant Shukat Arrow Hafer & Weber ("SAHW"), through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1338(a) and 1441(b).  SAHW hereby removes to the United States District Court for the Southern District of New York all claims and causes of action in the civil action styled *Even St. Productions, Ltd. v. Shukat Arrow Hafer & Weber*, Index No. 103507/05, now pending in the Supreme Court of the State of New York, County of New York (the "State Court Action").

The grounds for removal are as follows:

1.  The State Court Action was filed on March 14, 2005, and process was served on SAHW on March 16, 2005.  A copy of the complaint in the State Court Action is attached hereto as Exhibit "A" (the "Complaint").

2.  Defendant SAHW is a limited liability partnership and exists under the laws of the State of New York, having its principal place of business in the State of New York.

3.  Plaintiff Even St. Productions, Ltd. ("Even St."), is a corporation incorporated and existing under the laws of the State of New York, having its principal place of business in the State of New York.

4.  This action was commenced against SAWH in the Supreme Court of the State of New York by the plaintiff, and is of a civil nature.  The United States District Court for the Southern District of New York has jurisdiction by reason of 28 U.S.C. § 1338(a) in that the underlying issues which give rise to the cause of action arise under the copyright laws of the United States.

5.  Although the cause of action brought by plaintiff sounds in tort, the plaintiff's claim arises out of the Copyright Act in that any right to relief depends on the resolution of substantial questions of copyright law.

6.  The threshold question which must be decided before a court can dispose of the tort cause of action for malpractice is a determination of the underlying copyright infringement claim between Sony and Warner-Chappell and Diamond Time, Ltd., New York Times Television, The New York Times and Showtime Networks, Inc. (hereinafter the "Broadcasters") in connection with their allegedly unauthorized use of musical compositions and master records during the broadcast of a television documentary. Complaint ¶¶ 4-14.

7.  Plaintiff claims to be the present owner by assignment of all rights and interests, including the copyrights, to thirty-nine musical compositions and ten master

recordings of Sly and the Family Stone, which plaintiff alleges was improperly used by the Broadcasters.  Complaint ¶¶ 1-4, 6, 11-14, 22-23.

8.  Plaintiff alleges that SAHW was retained to represent the assignors of the copyrights in prosecuting a copyright infringement action against the Broadcasters. Complaint ¶ 15.

9.  Plaintiff further alleges that SAHW did not file the copyright infringement action within the statute of limitations set forth in the copyright laws. Complaint ¶¶ 19, 21.

10.  The gravaman of the copyright issue is conceded by plaintiff.   Plaintiff claims it has been damaged by reason of SAHW's actions in that plaintiff's assignors "have been deprived of their legal rights to seek compensatory damages against [the Broadcasters] for their willful, intentional and wrongful infringement."  Complaint ¶¶ 25.

11.  Under New York law, in order to prevail in this case plaintiff must prove first that it would have prevailed in the copyright infringement litigation against the Broadcasters and, then, the attorney's liability for malpractice.  The requirement of proving a "case within a case" adds an additional layer to the element of proximate cause, requiring the trier of fact to determine the outcome of the copyright infringement action before finding the attorneys' liability in the litigation before it.  Only after the plaintiff establishes that he would have recovered a favorable judgment in the copyright

infringement action against the Broadcasters can he proceed with proof that SAHW was negligent and that SAHW's negligence was the proximate cause of the plaintiff's loss.

12. Thus, unless and until there is a determination as to whether there was an infringement of copyright by the Broadcasters that would have entitled plaintiff to a an award of damages, there can be no determination of the claims made against SAHW by plaintiff.

13. The action was commenced by service on the defendant on March 16, 2005. The time for removal has not lapsed pursuant to 28 U.S.C. § 1446(b).

14. A copy of all process, pleadings, and orders served upon Defendant is filed with this notice.

15. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, defendant requests that this action proceed in this Court as an action properly removed to it.

Dated: New York, New York
      April 14, 2005

**CAPUDER FAZIO GIACOIA LLP**
Attorneys for Defendant


By:_____/s/_____
    Joseph Giacoia (JG-2778)
    90 Broad Street
    New York, New York 10004-2627
    (212) 509-9595

**Exhibit A to Notice of Removal**

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

EVEN ST. PRODUCTIONS, LTD.,

           Plaintiff,

    v.

SHUKAT ARROW HAFER & WEBER,
L.L.P.,

        Defendant.

_____

**COMPLAINT**

Index No.:   *103507/05*

Plaintiff EVEN ST. PRODUCTIONS, LTD., by its attorneys, JAY M. COGGAN &

ASSOCIATES, complaining of Defendant herein, upon information and belief, respectfully

alleges as follows:

1.    Plaintiff EVEN ST. PRODUCTIONS, LTD., was and is, a corporation

incorporated in the State of New York with its principal place of business located in the County

of New York, State of New York. EVEN ST. PRODUCTIONS, LTD. is the assignee of all the

rights and interests of the musical career of Sylvester Stewart, professionally known as "Sly

Stone," including, but not limited to his rights and interests as a composer, publisher, recording

artist and entertainer, as well as the assignee of the rights and interests of Frederick Stewart, Rose

Stewart, Cynthia Robinson, Larry Graham, Greg Ericco and Gerald Martini with respect to their

past activities as members of Sly and the Family Stone.

2.    EVEN ST. PRODUCTIONS, LTD. is the assignee of the rights and interest of

Sylvester Stewart with respect to all compositions written by him and all agreements related

thereto and is a beneficiaries of royalties and income generated by the exploitation of those

NEW YORK
COUNTY CLERK'S OFFICE

MAR 1 4 2005

NOT COMPARED
WITH COPY FILED

1

compositions.

3.      EVEN ST. PRODUCTIONS, LTD. is a party to various recording agreements

with Sony Music (successor in interest to CBS Records) with respect to master recordings of the

music group Sly and the Family Stone and is the beneficiary of royalties from the sale and

exploitation of those recordings.

4.      At all times mentioned herein, Mijac Music is and has been the copyright owner

and Warner/Chappell Music, Inc. is and has been the exclusive copyright administrator of the 39

musical compositions set forth on the "Diamond Time, Ltd./ NY Times Television "The Skin

I'm In" Warner Chappell Music Publishing Schedule 'A' 9/1/00," a true and correct copy of

which is attached hereto as Exhibit "A" and incorporated herein by reference as though fully set

forth.

5.      At all times mentioned herein, Defendant SHUKAT ARROW HAFER &

WEBER, L.L.P. was and is a New York limited liability partnership with its principal place of

business located within the County of New York, State of New York.

6.      At all times mentioned herein, Sony Music Entertainment, Inc. is and has been the

exclusive owner of all master recordings set forth on Schedule 'A' Diamond Time, Ltd. for NY

Times Television "*Jimi and Sly: The Skin I'm In.*" A true and correct copy of Schedule 'A' is

attached hereto as Exhibit "B" and incorporated herein by reference as though fully set forth.

7.      Plaintiff is informed and believes and thereon alleges that prior to September of

2000, New York Times Television produced a film documentary called *Jimi and Sly: The Skin

I'm In* for Showtime Networks, Inc. Said documentary was allegedly about the rapid social

changes that occurred from 1966 to 1969 as seen from the perspective of African American

musicians, mostly Sly Stone (Sylvester Stewart), crossing over to a predominantly white rock and roll audience.

8.      On or about September 1, 2000, Chris Robertson of a company called Diamond Time, Ltd., which was a representative and agent of New York Times Television, sent a letter to Pat Woods of Warner/Chappell Music Publishing, Inc.  In said letter, Diamond Time requested that Warner/Chappell Music Publishing, Inc. grant New York Times Television permission to use the musical compositions set forth on Exhibit A and issue to New York Times Television a license for a primary grant of rights to the musical compositions set forth in Exhibit A for all pay television in the United States and Canada for a period of 28 months.  Moreover, Diamond Time, Ltd. requested that Warner/Chappell Music Publishing, Inc. grant New York Times Television licensing options to the musical compositions found on Exhibit A for all television world-wide (excluding the U.S. and Canada) for a period of five years, as well as home video, world-wide, for a period of five years.

9.      On or about September 8, 2000, Chris Robertson sent a letter to Elena Byington of Sony Music Entertainment, Inc.  In said letter, Diamond Time requested that Sony Music Entertainment, Inc. grant New York Times Television permission to use the master recordings set forth on Exhibit "B" and issue to New York Times Television a license for a primary grant of rights to the master recordings set forth in Exhibit B for all pay television in the United States and Canada for a period of 28 months.  Moreover, Diamond Time, Ltd. requested that Sony Music Entertainment, Inc.. grant New York Times Television licensing options to the master recordings set forth on Exhibit B for all television world-wide (excluding the U.S. and Canada) for a period of five years, as well as home video, world-wide, for a period of five years.

3

10.     At no time did Warner/Chappell Music Publishing, Inc. or Sony Music Entertainment, Inc. ever grant permission of any kind or enter into any agreements to grant to New York Times Television, Showtime Networks, Inc. or Diamond Time, Ltd. licenses to the master recordings set forth in Exhibits A or B hereto.

11.     On or about September 17, 2000, the documentary called *"Jimi and Sly: The Skin I'm In"* was broadcast on Showtime Networks, Inc. cable television network Showtime.

12.     The thirty nine (39) musical composition and ten (10) master recordings from Sly and the Family Stone, which are set forth on Exhibits A and B hereto, owned by Warner/Chappell Music Publishing, Inc. or Sony Music Entertainment, Inc., and several film clips containing the unauthorized image and likeness of "Sly and the Family Stone" were used in the documentary, without the authorization or permission of Warner/Chappell Music Publishing, Inc. or Sony Music Entertainment, Inc. or Even St. Productions, Ltd.

13.     Plaintiff is informed and believes and thereon alleges that *"Jimi and Sly: The Skin I'm In"* was then rebroadcast on Showtime on two other occasions between September and October of the year 2000.

14.     At no time prior to the broadcast and re-broadcast of the documentary had any licenses in said musical compositions and master recordings, reflected on Exhibits A and B hereto, been granted to New York Times Television, Showtime Networks, Inc., Diamond Time, Ltd. or any other person or entity by Sony Music Entertainment, Inc. or Warner/Chappell Music Publishing, Inc. regarding said documentary.

15.     Prior to September of 2003, Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing, Inc. retained the law firm of SHUKAT ARROW HAFER & WEBER, L.L.P.

4

to represent them in prosecuting a copyright infringement action against, among other copyright infringers, New York Times Television, Showtime Networks, Inc. And Diamond Time, Ltd., based upon the unauthorized use of the musical compositions and master recordings set forth in Exhibits A and B hereto.

16.     EVEN ST. PRODUCTIONS, LTD. was intended to benefit by, and had an interest in, the successful outcome of the intended action between Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing, Inc. versus New York Times Television, Showtime Networks, Inc. And Diamond Time, Ltd., as well as other possible infringers, as any amounts awarded to Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing, Inc. and collected by said entities would directly result in an increase in the royalties and/or other monies paid to EVEN ST. PRODUCTIONS, LTD.

17.     On or about September 17, 2003, SHUKAT ARROW HAFER & WEBER, L.L.P., on behalf of Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing, Inc., entered into a tolling agreement with the firm of Frankfurt Kurnit Klein & Selz, attorneys for New York Times Television, tolling the statute of limitations period from September 17, 2003 to December 15, 2003.  A true and correct copy of the tolling agreement is attached hereto as Exhibit "C" and incorporated herein by reference as though set forth in full.

18.     At no time prior to December 15, 2003, did SHUKAT ARROW HAFER & WEBER, L.L.P. obtain a settlement agreement between Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing and any copyright infringer regarding the musical composition masters used in the documentary.

19.     At no time prior to December 15, 2003, did SHUKAT ARROW HAFER &

5

WEBER, L.L.P. commence an action on behalf of Sony Music Entertainment, Inc. and

Warner/Chappell Music Publishing against any copyright infringer regarding the documentary.

      20.     Plaintiff is informed and believes and thereon alleges that prior to December 15,

2003, Jonas E. Herbsman, Esq., an attorney at SHUKAT, ARROW, HAFER & WEBER

informed Sony Music Entertainment, Inc. and Warner/Chappell Music Publishing that New York

Times Television and Showtime Networks, Inc. agreed to a further tolling of the statute of

limitations period for copyright infringement. The firm of SHUKAT, ARROW, HAFER &

WEBER then failed to reduce said tolling agreement to writing, and New York Times Television

and Showtime Networks, Inc. subsequently refused to agree to a further tolling agreement

subsequent to December 15, 2003.

      21.     On or about December 16, 2003, the statute of limitations period expired for

copyright infringement, based upon, among other things, the New York Times Television and

Showtime Networks, Inc.'s unauthorized use of the musical compositions set forth in Exhibits A

and B.

      22.     On or about March 3, 2004, EVEN ST. PRODUCTIONS, LTD. entered into an

agreement with Sony Music Entertainment, Inc. for the assignment, conveyance and transfer of

any and all claims, rights, suits, or causes of action which Sony Music Entertainment, Inc. has or

had against any third party (including but not limited to New York Times Television and

Showtime Networks) arising from their unauthorized use of various master sound recordings as

performed by Sly and the Family Stone.

      23.     Effective August 19, 2004, EVEN ST. PRODUCTIONS, LTD. entered into an

agreement with Warner/Chappell Music Publishing, Inc. for the assignment, conveyance and

transfer of any and all claims, rights, suits, or causes of action it has against any third party (including but not limited to New York Times Television and Showtime Networks) arising from their unauthorized use of various musical compositions written by Sylvester Stewart.

24.     At all times material hereto, Defendant failed to exercise reasonable care and skill in undertaking to perform legal services for Plaintiff's assignors. Specifically, but without limiting the generality of the foregoing, Defendants, and each of them, engaged in the following negligent course of conduct that constitutes legal malpractice:

    (a)     Failing to commence a legal action for copyright infringement prior to the expiration of statute of limitations for copyright infringement;

    (b)     Failing to obtain a written tolling agreement to extend the statute of limitations for copyright infringement.

25.     As a result of the above-referenced failure to exercise reasonable care and skill, Plaintiff's assignors have been deprived of their legal rights to seek compensatory and statutory damages against, among other entities, New York Times Television, The New York Times, Showtime Networks, Inc. and Diamond Time, Ltd. for their willful, intentional and wrongful infringement upon the master musical compositions set forth in Exhibits A and B hereto.

26.     As a proximate result of the legal malpractice and negligence of Defendant as more fully set forth hereinabove, Plaintiff has suffered substantial compensable losses, the exact nature and extent to which are not yet fully ascertained, but Plaintiff estimates the same to be in excess of One Million Dollars ($1,000,000.00) according proof of which will be offered at trial.

**WHEREFORE,** Plaintiff EVEN ST. PRODUCTIONS, LTD. demands judgment against Defendant SHUKAT ARROW HAFER & WEBER, L.L.P. on the First Cause of Action for

Legal Malpractice in an amount believed to be in excess of One Million Dollars ($1,000,000.00)

and exceeding the jurisdictional requirements of this Court, together with the costs and

disbursements of this action, including attorney's fees, plus interest, and for any other relief

which this Court deems just and proper.

DATED:        March 10, 2005         **JAY M. COGGAN & ASSOCIATES**

_David N. Tarlow, Esq._
Attorney for Plaintiff EVEN ST. PRODUCTIONS, LTD.
10 East 53rd Street, 36th Floor
New York, New York 10022
(212)759-9661

8

# EXHIBIT A

Diamond Time, Ltd. / NY Times Television

## THE SKIN I'M IN

### WARNER CHAPPELL MUSIC PUBLISHING
*Schedule 'A'*
9/1/00

| | | | | |
|---|---|---|---|---|
| 1. | Higher (Sylvester Stewart) | :22 | vis/voc | Warner Tamerlane |
| 2. | Hot Fun In The Summertime (Sylvester Stewart) | :16 | vis/voc | Mijac Music |
| 3. | Sing a Simple Song (Sylvester Stewart) | :16 | vis/voc | Mijac Music |
| 4. | Everyday People (Sylvester Stewart) | :34 | vis/voc | Warner Tamerlane |
| 5. | You Can Make It If You Try (sylvester Stewart) | :31 | vis/voc | Mijac Music |
| 6. | M Lady (Sylvester Stewart) | :34 | vis/voc | Warner Tamerlane |
| 7. | Everyday People (Sylvester Stewart) | 01:23 | vis/voc | Warner Tamerlane |
| 8. | Higher (Sylvester Stewart) | 03:20 | vis/voc | Warner Tamerlane |
| 9. | Life (Sylvester Stewart) | :33 | vis/voc | Warner Tamerlane |
| 10. | Stand (Sylvester Stewart) | :59 | vis/voc | Warner Tamerlane |
| 11. | Music Lover (Sylvester Stewart) | :20 | vis/voc | Warner Tamerlane . |
| 12. | Higher (Sylvester Stewart) | :20 | vis/voc | Warner Tamerlane |
| 13. | Love City (Sylvester Stewart) | :39 | vis/voc | Warner Tamerlane |
| 14. | Thank You (Sylvester Stewart) | :56 | vis/voc | Mijac Music |
| 15. | Dance To the Music (Sylvester Stewart) | 01:29 | vis/voc | Warner Tamerlane |
| 16. | Dance To the Music (Sylvester Stewart) | :04 | vis/voc | Warner Tamerlane |
| 17. | Laugh, Laugh (Ron Elliott) | :28 | vis/voc | Warner Tamerlane o/b/o Cleau Music |
| 18. | Don't Call Me Nigger, Whitey (Sylvester Stewart) | :27 | vis/voc | Warner Tamerlane |

1

| | SONG TITLE (AUTHOR) | TIME | USE | PUBLISHER |
|---|---|---|---|---|
| 19. | Hot Fun In the Summer Time (Sylvester Stewart) | :42 | vis/voc | Mijac Music |
| 20. | Hot Fun In the Summer Time (Sylvester Stewart) | :13 | vis/voc | Mijac Music |
| 21. | Higher (Sylvester Stewart) | :27 | vis/voc | Warner Tamerlane |
| 22. | Hot Fun In the Summer Time (Sylvester Stewart) | :14 | vis/voc | Mijac Music |
| 23. | Thank You (Sylvester Stewart) | 01:22 | vis/voc | Mijac Music |
| 24. | Thank You (Sylvester Stewart) | 01:29 | vis/voc | Mijac Music |
| 25. | Higher (Sylvester Stewart) | 01:00 | vis/voc | Warner Tamerlane |
| 26. | Thank You (Sylvester Stewart) | :48 | vis/voc | Mijac Music |
| 27. | If You Want Me To Stay (Sylvester Stewart) | 02:24 | vis/voc | Mijac Music |
| 28. | Family Affair (w/Rose Stone) (Sylvester Stewart) | 01:48 | vis/voc | Mijac Music |
| 29. | Time For Livin', Time For Givin' (Sylvester Stewart) | 02:44 | vis/voc | Mijac Music |
| 30. | What Would I Do (Sylvester Stewart) | :24 | bkgd/voc | Warner Tamerlane |
| 31. | Buttermilk (Sylvester Stewart) | :40 | bkgd/voc | Warner Tamerlane o/b/o Clears Music |
| 32. | Turn Me Loose (Sylvester Stewart) | :24 | bkgd/voc | Warner Tamerlane |
| 33. | Time (Sylvester Stewart) | 2:08 | bkgd/voc | Mijac Music |
| 34. | Higher (Sylvester Stewart) | 1:53 | bkgd/voc | Warner Tamerlane |
| 35. | Dynamite (Sylvester Stewart) | :40 | bkgd/voc | Warner Tamerlane |
| 36. | Luv N Haight (Sylvester Stewart) | tbd apx :55 | bkgd/voc | Mijac Music |
| 37. | Thank You For Talking To Me Africa (Sylvester Stewart) | tbd apx :55 | bkgd/voc | Warner Tamerlane |
| 38. | In Time (Sylvester Stewart) | tbd apx :55 | bkgd/voc | Mijac Music |
| 39. | Don't Call Me Nigger Whitey (Sylvester Stewart) | tbd apx :55 | bkgd/voc | Warner Tamerlane |

2

# EXHIBIT B



## SCHEDULE 'A'

Diamond Time, Ltd.
*for*
## NY TIMES TELEVISION
## "THE SKIN I'M IN"

## SONY MUSIC

**9/85/00**

| | | | |
|---|---|---|---|
| What Would I Do | Sly and the Family Stone | :24 | BKGD-VOC |
| Rock Dirge | Sly and the Family Stone | :46 | BKGD-VOC |
| Turn Me Loose | Sly and the Family Stone | :24 | BKGD-VOC |
| Soul Clappin | Sly and the Family Stone | 1:57 | BKGD-VOC |
| Time | Sly and the Family Stone | 2:10 | BKGD-VOC |
| Higher | Sly and the Family Stone | 1:53 | BKGD-VOC |
| Dynamite | Sly and the Family Stone | :40 | BKGD-VOC |
| Sylvester | Sly and the Family Stone | :45 | BKGD-VOC |
| Que Sera Sera | Sly and the Family Stone | (bd) :55 | BKGD-VOC |
| Everyday People | Sly and the Family Stone | 1:09 | BKGD-VOC |

1

# EXHIBIT C

488 Madison Avenue
New York, New York 10022
Tel: (212) 980-0120
Fax: (212) 593-9175

Edward H. Rosenthal
Direct: (212) 826-5524
e-
mail:erosenthal@fkkslaw.co
m

September 16, 2003

**VIA FACSIMILE**

Jonas E. Herbsman, Esq.
Shukat Arrow Hafer & Weber, L.L.P.
111 West 57th Street
New York, New York 10019

        Re:    _The Skin I'm In_ (4430-500)

Dear Jonas:

        1.      We represent the New York Times Company ("NYT"). You have
informed us that you represent Sony Music Entertainment, Inc. and Warner/Chappell
Music, Inc. (the "Claimants"). You have represented to us that Claimants have not been
assigned any claims from Sylvester Stewart a/k/a Sly Stone, the Stewart Family, Glenn
Stone, or any other person or entity, since the airing of the Program (as defined below).

        2.      Claimants have asserted that their rights in certain musical compositions
and recordings (hereinafter the "Claims") have been infringed and/or violated by their use
in a television program entitled The Skin I'm In (the "Program") produced by NYT and
aired by Showtime Networks Inc. ("Showtime"). We have been specifically authorized
by Showtime to enter into this agreement on its behalf.

        3.      Claimants, NYT and Showtime have agreed to enter into this agreement
(the "Tolling Agreement") so that they may continue their efforts to resolve the Claims
without litigation.

        4.      NYT and Showtime hereby waive any defense to the Claims (including
but not limited to any defense based on statute of limitations or laches) based on the
passage of time during the period commencing September 10, 2003 and continuing until
the earlier of: (i) December 15, 2003; or (ii) thirty (30) days following notice to your
firm, as counsel for Claimants, of the termination of this Tolling Agreement sent via
facsimile or hand delivery to the address set forth above.

FKKSLAW: 215107.v1                                                                    4430.500

Jonas E. Herbsman, Esq.
September 16, 2003
Page 2

     5.     Except as specifically described in paragraph 4 hereof, this Tolling Agreement shall not prejudice or constitute a waiver of any defense which could have been asserted by NYT and/or Showtime with respect to any claim by any party arising out of the Program, including without limitation any defense based on statute of limitations or laches, prior to September 10, 2003.

     6.     This Agreement shall be governed by the laws of the State of New York and shall be modified only by further written agreement among the undersigned.

                  Sincerely Yours,

                  Edward H. Rosenthal
                  Frankfurt Kurnit Klein & Selz, P.C.
                  Attorneys for the New York Times Company
                  488 Madison Avenue
                  New York, NY 10022

Agreed to:

_____

Jonas E. Herbsman, Esq.
Shukat Arrow Hafer & Weber, L.L.P.
Attorneys for Sony Music Entertainment, Inc.
  and Warner/Chappell Music, Inc
111 West 57th Street
New York, New York 10019

FGKKS:

## <u>CERTIFICATE OF SERVICE</u>

Joseph Giacoia hereby certifies under the penalties of perjury:

On April 15, 2005, I served the foregoing Notice of Removal on the parties herein, through their attorneys, at the addresses set forth below, as designated by them for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

> David N. Tarlow, Esq.
> Jay M. Coogan & Associates
> 10 East 53rd Street, 36th Floor
> New York, New York 10022

Dated:  New York, New York
       April 15, 2005

                                          /s/
                                 Joseph Giacoia